CYNTHIA G. LAWRENCE (SBN 148927)
KIMBERLY A. WHITE (SBN 177868)
MEGHAN K. LAWRENCE (SBN 347802)
BLAZE VAN DINE (SBN 251946)
SIMS, LAWRENCE & BROGHAMMER
1478 Stone Point Drive, Suite 450
Roseville, CA 95661
Telephone: (916) 797-8881
Facsimile: (916) 253-1544
Email: cynthia@sims-law.net
       kim@sims-law.net
       meghan@sims-law.net
       blaze@sims-law.net
       SLB-eService@sims-law.net

Attorneys for Defendants
THERAPEUTIC PATHWAYS, INC., AND
BLUESPRIG PEDIATRICS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.G., a minor, by and through his guardian ad litem, YESENIA GARZA,<br><br>Plaintiff,<br><br>vs.<br><br>THERAPEUTIC PATHWAYS, INC., BLUESPRIG PEDIATRICS, INC., SEAN DALTON MARQUEZ, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:25-cv-03258-DAD-CKD<br><br>**STIPULATED PROTECTIVE ORDER AND ORDER** |

## I.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, sensitive, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order

-1-

STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER

("Protective Order" or "Order") pursuant to Civil Local Rule 141.1.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.  The parties further acknowledge that this Protective Order does not entitle them to file confidential information under seal.  Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**II.    SCOPE OF THE PROTECTIVE ORDER**

This Protective Order shall govern the use of Confidential Information produced during discovery in this Action.  The Court shall determine how Confidential Information is to be treated at trial.  All references to "Party," "Parties" or "Designating Party" throughout this Order are intended to include non-parties to this Action.  This Protective Order shall also apply to any future party to the Action.

For purposes of this Order, the Party designating information, documents, materials or items as "Confidential," or asserting that testimony is "Confidential" (the "Designating Party") bears the burden of establishing the confidentiality of all such information, documents, materials or items.

**III.    DEFINITION OF "CONFIDENTIAL INFORMATION"**

For purposes of this Order, "Confidential Information" shall mean information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).  Nothing in this protective order shall be construed as requiring either party to produce any personal or individually identifiable information, medical records, education records nor any other Personal Health Information that is protected from disclosure under applicable state or federal law, and nothing in this protective order shall be construed as waiving or limiting any rights to request or obtain production of any such information.

**IV.    MARKING DOCUMENTS "CONFIDENTIAL"**

The Designating Party shall designate Confidential Information by stamping copies of any document or discovery response produced to a Party with the legend "CONFIDENTIAL."  Any such stamp or designation shall not in any manner cover up, overlap upon, obscure or otherwise conceal

-2-

STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER

any text, picture, drawing, graph or other communication or depiction in the document. As reasonably practicable, to the extent that a document or other material contains both Confidential Information and non-confidential information, the Designating Party shall clearly delineate the particular portions that constitute Confidential Information and the remaining portions of the document or material shall be deemed to be not Confidential. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear. Where it is not reasonably practicable to mark a document "CONFIDENTIAL," such as when a spreadsheet is produced only in its native electronic format, then the disk, file location or cover letter shall clearly indicate the "CONFIDENTIAL" designation.

**V.      DESIGNATING DEPOSITIONS "CONFIDENTIAL"**

With respect to any deposition, confidential treatment may be invoked by designating specific testimony as "Confidential" on the record at the deposition, or by serving such designations within thirty (30) days after receipt of the final transcript of the deposition in which the designations are made. All deposition transcripts shall be treated as Confidential Information for thirty (30) days following receipt of the final transcript, unless the Parties otherwise agree.

**VI.     DESIGNATIONS TO BE MADE IN GOOD FAITH**

The Parties agree to limit their designation of Confidential Information solely to information that they, in good faith, believe qualifies for such designation under this Order. No Party receiving Confidential Information shall be under any obligation to object to the designation of any document at the time such designation is made or at any time thereafter. No Party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

**VII.    USE OF "CONFIDENTIAL" MATERIAL**

Material designated by a Party or non-party or their counsel as Confidential Information under this Order shall be used by persons receiving it only for the purposes of the litigation or settlement of this Action.

-3-

**STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER**

**VIII.    INADVERTENT PRODUCTION OF CONFIDENTIAL MATERIAL: NO WAIVER**

At any time prior to the trial of this Action, if a Party realizes that previously undesignated documents or other material should be designated as Confidential Information, the Party may so designate by advising all other Parties in writing prior to the time objections to trial exhibits are due. The designated documents or material will thereafter be treated as Confidential Information pursuant to this Order.  Upon receipt of such designation in writing, the Parties and other persons subject to this Order shall take reasonable and appropriate action to notify any and all recipients of the discovery material about the protected status of the newly designated Confidential Information and to retrieve the newly designated Confidential Information from any person who is not permitted by this Order to have Confidential Information.

**IX.    "QUALIFIED PERSONS"**

Confidential Information may be disclosed only to the following "Qualified Persons":

a.    the Court and court personnel, including attorneys, employees, judges, magistrates, secretaries, special masters, stenographic reporters, staff, transcribers and all other personnel necessary to assist the Court in its function, and the jury;

b.    the Parties and counsel of record for the Parties, including all partners and associate attorneys of such counsel's law firms who are assisting in this action, as well as any other counsel and support personnel of such counsel who may be assisting counsel of record for the Parties in the action, and all clerks, employees, independent contractors, consultants, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the supervision of such partners or associate attorneys;

c.    litigation support services, including outside copying services, court reporters, stenographers or companies engaged in the business of supporting computerized or electronic discovery or trial preparation, retained by a Party or its counsel;

d.    consulting or testifying experts, including associated personnel necessary to assist experts in the action;

e.    any person who created or authored such Confidential Information and any persons to which the Confidential Information has been previously disclosed;

f.    any mediators or arbitrators, including their necessary staff, engaged by the Parties for settlement purposes in the Action;

g.    any persons whom counsel of record for a party believes (i) are likely to be called to give testimony, through deposition, by declaration or by affidavit, at hearing, or at trial, on matters relating to confidential information or (ii) possess information reasonably necessary and relevant for the prosecution or defense of the action;

h.    professional jury or trial consultants, and mock jurors;

**STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER**

i. any deposition and trial witnesses; and

j. any other person pursuant to a written agreement among the Parties or by order of the Court in this Action.

Except as provided above in this paragraph 9, counsel for the Parties must keep all Confidential Information that is received under this Order secure within their exclusive possession and must place such Confidential Information in a secure area.

## X. EXECUTING THE NON-DISCLOSURE AGREEMENT

Each person to whom Confidential Information is disclosed, except the persons identified in 8(a), (b), (c), (e), and (g) above, shall execute a non-disclosure agreement in the form annexed hereto as Exhibit A before receiving Confidential Information. Copies of the executed Exhibit A shall be retained by any party disclosing Confidential Information to such person, and counsel for any Party to the Action that receives Confidential Information from a Designating Party shall obtain and retain a copy of all such executed agreements pertaining to any such persons who obtain Confidential Information directly or indirectly from such Party to the Action. Counsel for the receiving party shall be responsible for ensuring compliance by all persons to whom it provides Confidential Information directly or indirectly with the non-disclosure agreement. Counsel shall supply a copy of the executed non-disclosure agreement to other counsel upon request; provided, however that with respect to experts and consultants, counsel for the party shall not be required to supply a copy of the nondisclosure agreement to counsel for the other party unless and until that expert is disclosed pursuant to Rule 26 of the Federal Rules of Civil Procedure.

If counsel is unable to obtain an executed confidentiality agreement in the form of Exhibit A from any deposition witness, counsel shall immediately and prior to the deposition provide notice to counsel for the other party and such party may seek relief from the Court regarding the terms and conditions under which Confidential Information may be disclosed to the witness in the deposition. Alternatively, counsel for the parties may agree that Confidential Information is adequately protected by such person's existing obligations to maintain the confidentiality of such information. Nothing herein, however, shall prevent any counsel from utilizing Confidential Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or

**STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER**

recipient of the Confidential Information, irrespective of which party produced such information. Further, no executed confidential agreement in the form of Exhibit A shall be required to show a current officer or employee of a party any Confidential Information that was disclosed by that party, provided that such Confidential Information is reasonably necessary and relevant to eliciting the testimony of such officer or employee.

**XI.     CHALLENGING "CONFIDENTIAL" DESIGNATIONS**

Documents and information designated as "Confidential" shall be treated as "Confidential Information" unless and until a challenge to the propriety of the designation is made pursuant to this paragraph or the Designating Party withdraws the designation.  A Party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that any Party or other person disagrees at any stage of these proceedings with the designation by the Designating Party of any information as "Confidential," or the designation of any person as a Qualified Person, the Party or other person shall give written notice to the Designating Party.  Upon receipt of the written objection, counsel for the Designating Party shall, within fourteen (14) days, provide a written response to the objecting Party explaining the basis for the designation as Confidential Information; otherwise the document(s) or material(s) shall be deemed to be no longer Confidential Information without a Court order.  The Parties and any other objecting person(s) shall meet and confer in good faith to attempt to resolve the dispute without resort to Court intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 251 within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute.  Alternatively, the parties may agree to present their dispute to the Court via an Informal Discovery Conference if such procedure is available.  The Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the court.

-6-

**STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER**

## XII.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHER PROTECTED INFORMATION

Inadvertent production or other disclosure of documents subject to work-product immunity, the attorney-client privilege or other legal privilege that protects information from discovery shall not constitute a waiver of the immunity, privilege, or other protection, provided that the producing Party notifies the receiving Party in writing reasonably promptly after it becomes aware of such inadvertent production.  The written notice shall identify the inadvertently produced document(s) and describe the basis for requesting the return or destruction of each inadvertently produced document.  Any party that has provided the inadvertently produced documents to any other persons shall retrieve such documents and any copies thereof.

Upon receipt of the written notice, the receiving Party shall promptly comply with the request and return or destroy such documents, except for one copy of the document should the Non-Designating Party seek to contest the claim of privilege.  If the Parties do not agree that the document is entitled to protection, the Parties shall follow the procedures in the paragraph above for challenging "CONFIDENTIAL" designations.  Notwithstanding the foregoing, any Party or individual having inadvertently received information that it knows to be privileged or protected shall not wait for notice from the producing Party and is expected to notify the other Party of the receipt of the inadvertently produced information and shall return or destroy the inadvertently produced document(s), as soon as it is known that the document and information contained therein is privileged and/or protected without retaining a copy of the document or information. Any inadvertent disclosure of privileged information shall not operate as a waiver in any other federal or state proceeding, and the Parties' agreement regarding the effect of inadvertent disclosure of privileged information shall be binding on non-parties.  Nothing in this paragraph is intended to diminish the rights and benefits otherwise accorded to a producing Party under Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502.

///

///

///

**STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER**

**XIII.   UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION**

If a Party has received Confidential Information and learns that, by inadvertence or otherwise, it has disclosed such Confidential Information to any person or in any circumstance not authorized under this Stipulated Protective Order, such Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Non-Disclosure Agreement" that is attached hereto as Attachment A.

**XIV.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

The terms of this Order are applicable to information produced by a non-party to this action and designated as "CONFIDENTIAL." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

**XV.   SUBPOENA FOR CONFIDENTIAL INFORMATION**

If any Party has obtained Confidential Information under the terms of this Order and receives a request to produce such Confidential Information by subpoena or other compulsory process commanding the production of such Confidential Information, such Party shall promptly notify the producing Party, including in such notice the date set for the production of such subpoenaed information and, unless prohibited by applicable law, enclosing a copy of the subpoena (or other form of process), and shall object to the process or subpoena and not produce or disclose the Confidential Information unless compelled by Court Order or the producing party fails to object to the process or subpoena within seven (7) business days of receiving notice.

**XVI.   FILING CONFIDENTIAL INFORMATION**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141 and 141.1.  Protected Material may only be filed under seal pursuant to a court

**STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER**

order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 141, a sealing order will issue only upon the showing required by applicable law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 141 is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## XVII.  USE OF CONFIDENTIAL INFORMATION AT ANY PUBLIC HEARING

If any Party intends to use Confidential Information at a hearing in this matter that is open to the public, that Party shall meet and confer with all other affected Parties or non-parties in advance of such hearing to establish reasonable procedures that would allow objections to such disclosure to be made and ruled upon in advance of the Confidential Information being used.  The parties may make recommendations to the Court regarding the handling of confidential materials in a hearing but the presiding judge shall determine how those materials will be handled during a hearing.

## XVIII. USE OF CONFIDENTIAL INFORMATION AT TRIAL

The Parties shall, in conformity with Local Rule 282, disclose any exhibits containing Confidential Information that they intend to introduce at trial, and the Parties shall be prepared at the pretrial conference to discuss how such exhibits shall be used at trial and what protection from disclosure is warranted.  The Designating Party shall bear the burden of demonstrating sufficient cause to maintain the confidentiality of specific documents or information through trial.  In the event a document containing Confidential Information may be used at trial for the sole purpose of impeachment, the Parties shall address any necessary protection as soon as practicable after the document has been used.  The parties may make recommendations to the Court regarding the handling of confidential materials in a trial but the presiding judge shall determine how those materials will be handled during a trial.

## XIX.  ORDER SURVIVES LITIGATION

This Order shall be binding throughout and after final adjudication of this Action, including, but not limited to, final adjudication of any appeals and petitions for extraordinary writs.  Nothing in this Order shall be construed to contradict any provision of law.

///

STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER

## XX.    FINAL TERMINATION

Within sixty (60) days after entry of an order, judgment, or decree finally disposing of this Action, including any and all appeals, counsel for each Party shall make commercially reasonably efforts to identify and return all Confidential Information to the Party that produced the information, including any copies, excerpts and summaries thereof, and including any copies provided directly or indirectly to others, or may destroy same with the consent of the producing Party; and shall make commercially reasonably efforts to purge all such information from all machine-readable media on which it resides. In the event any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, including any copies provided directly or indirectly to others, and that such physical objects and documents have been destroyed to the best of its knowledge.

Notwithstanding the foregoing, counsel for each Party may retain all pleadings, briefs, memoranda, discovery responses, deposition transcripts, deposition exhibits, expert reports, motions, and documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work-product materials that contain Confidential Information need not be given to the producing Party nor destroyed, but, if they are not destroyed, the person in possession of the attorney work-product will continue to be bound by this Order with respect to all such retained information. This paragraph shall not apply to documents filed under seal in the Court's electronic records.

## XXI.    MODIFYING THIS ORDER

Nothing in this Order shall be construed to prohibit the Parties from agreeing to modify any provision of this Order or seeking relief from the Court.  Nor shall anything in this Order or any Party's compliance herewith be construed as a waiver of any Party's rights under applicable law or waiver of any privilege recognized by law or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

///

///

-10-

**STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER**

**IT IS SO STIPULATED.**

Dated: April 8, 2026                          SIMS, LAWRENCE & BROGHAMMER


By: */s/ Cynthia G. Lawrence*
    CYNTHIA G. LAWRENCE
    KIMBERLY A. WHITE
    MEGHAN K. LAWRENCE
    BLAZE VAN DINE
    Attorneys for Defendants
    THERAPEUTIC PATHWAYS, INC., and
    BLUESPRIG PEDIATRICS, INC.


Dated: April 8, 2026                          QURESHI LAW PC


By: */s/ Will Horowitz*
    OMAR G. QURESHI
    WILL HOROWITZ
    Attorneys for Plaintiff
    R.G., a minor, by and through his
    Guardian ad Litem, YESENIA GARZA

-11-

**STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER**

## ORDER

The Court has reviewed the parties' stipulated protective order. (ECF No. 19.) The stipulation comports with the relevant authorities and the court's applicable local rule. See L.R. 141.1. The Court APPROVES the protective order, subject to the following clarifications. The Court's Local Rules indicate that once an action is closed, it "will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f); see also, e.g., MD Helicopters, Inc. v. Aerometals, Inc., 2017 WL 495778 (E.D. Cal., Feb. 03, 2017) (noting that courts in the district generally do not retain jurisdiction for disputes concerning protective orders after closure of the case). Thus, the Court will not retain jurisdiction over this protective order once the case.

Further, this Stipulated Protective Order does not entitle a party to file confidential information under seal. Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. If a party's request to file confidential material under seal is denied by the Court, then the party may file the information in the public record unless otherwise instructed by the Court.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:  April 8, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

-12-

STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER

EXHIBIT A

CONFIDENTIAL NON-DISCLOSURE AGREEMENT

Case Name: *R.G. by and through his guardian ad litem, YESENIA GARZA v. THERAPEUTIC PATHWAYS, INC., et al.*, No. 2:25-cv-3258 DAD CKD, Eastern District of California

1.     I, _____ , declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court, Eastern District of California, on _____ in this matter.  I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

2.     As set forth in the Order, I shall use information that has been designated as confidential solely for the purpose of this litigation, and for no other purpose and no other case.  I shall not disclose confidential information except as permitted in the Order.

3.     I hereby submit myself to the jurisdiction of the United States District Court for the Eastern District of California.

DATED: _____

Signature:
Print Name:

-13-

**STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER**